IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EARL APKINS, SR., et al.,** )  | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
| v. ) | CIVIL ACTION 05-0456-WS-B |
| ) | |
| **ATLANTIC MARINE, INC.,** ) | |
| ) | |
|     **Defendant.**[1] ) | |

**ORDER**

    This matter is before the Court on the parties' joint motion to dismiss the plaintiffs' class claims. (Doc. 18). The parties' motion is based on the belief that "Plaintiffs may not voluntarily dismiss their class allegations without the approval of the Court." (*Id*., ¶ 3). While Court approval may once have been necessary,[2] the recent amendments to Federal Rule of Civil Procedure 23 require only that "[t]he court must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a *certified* class." Fed. R. Civ. P. 23(e)(1)(A) (emphasis added).[3]

    Nevertheless, as the parties request it, their motion to dismiss is **granted**. All class claims and

---

[1]The complaint names Alabama Shipyard, Inc. as a second defendant. (Doc. 1). The parties now agree that Alabama Shipyard is a division of Atlantic Marine, Inc. and not a separate legal entity subject to suit. (Doc. 18, ¶ 1). Accordingly, Alabama Shipyard, Inc. is **dismissed** as a defendant. The style of this case henceforth shall list only Atlantic Marine, Inc. as a defendant.

[2]*See, e.g., Firestone v. Gallegos*, 1999 WL 143859 at *2 n.2 (10th Cir. 1999)("The majority rule holds that Rule 23(e) [as it existed prior to 2003] applies prior to class certification.").

[3]*Accord Aikens v. Deluxe Financial Services, Inc*., 2005 WL 1041351 at *4 (D. Kan. 2005)("The plain language of Rule 23 indicates that the court has no duty or jurisdiction to approve a settlement in a case where a class is not certified."); *Daniels v. Bursey*, 2004 WL 2358291 at *1 (N.D. Ill. 2004)("Rule 23(e)(1)(A), as amended in 2003, makes it clear that the Rule's requirement of court approval applies only to settlements 'of the claims, issues, or defenses *of a certified class*.")(emphasis in original); *see also Weiss v. Regal Collections*, 385 F.3d 337, 349 n.21 (3rd Cir. 2004)(assuming without deciding that Rule 23(e)(1)(A) obviates court approval before a class is certified).

allegations contained in the complaint are **dismissed without prejudice**.

DONE and ORDERED this 27th day of October, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
