IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EARL APKINS, SR., et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CIVIL ACTION 05-0456-WS-B** |
| ) | |
| **ATLANTIC MARINE, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This matter is before the Court on the plaintiffs' motion to amend the complaint. (Doc. 43). The parties have filed briefs in support of their respective positions, (Docs. 50, 51), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant materials in the file, the Court concludes that the motion is due to be denied.

The first purpose of the proposed amendment is to remove Alabama Shipyard as a defendant. (Doc. 43, ¶ 4). Such removal has already been accomplished by previous order of Court. (Doc. 19 at 1 n.1). To this extent, the plaintiffs' motion is **denied as moot**.

The primary purpose of the proposed amendment is to add a claim of disparate impact under 42 U.S.C. § 1981. The complaint was filed by 23 plaintiffs on August 8, 2005. (Doc. 1). The Magistrate Judge imposed a deadline of December 1, 2005 for filing motions for leave to amend the pleadings. (Doc. 22 at 2, ¶ 5). Such "[a] schedule shall not be modified except upon a showing of good cause." Fed, R. Civ. P. 16(b); *accord Sosa v. Airprint Systems, Inc*., 133 F.3d 1417, 1418 (11th Cir. 1998). Because the plaintiffs' motion was not filed until April 6, 2006, they must establish good cause for allowing their tardily proposed amendment. If they fail, the amendment must be denied without resort to Rule 15(a). *Id*. at 1419.

"This good cause standard precludes modification unless the schedule could not 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Systems, Inc*., 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note). The plaintiffs suggest that the disparate impact claim is based on the testimony they gave in their 23 depositions early this year and on information obtained from other present and former employees of the defendant.

(Doc. 51 at 1). A diligent attorney, however, would have gleaned from her clients information supporting a disparate impact claim without awaiting their depositions by the defendant. Nor have the plaintiffs shown that they could not in the exercise of diligence have obtained information concerning disparate impact from other employees in the first four months after filing suit, or even earlier. Any remaining vitality in the plaintiffs' position is sapped by their admission that "[t]he underlying facts supporting the disparate impact claim are the same as those set out in the original complaint." (Doc. 51 at 3). That is to say, the plaintiffs acknowledge they could have asserted a disparate impact claim originally based on the facts asserted originally.

      For the reasons set forth above, the plaintiffs' motion to amend the complaint is **denied**.

      DONE and ORDERED this 2nd day of May, 2006.

                                s/ WILLIAM H. STEELE
                                UNITED STATES DISTRICT JUDGE