IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EARL APKINS, SR., et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CIVIL ACTION 05-0456-WS-B** |
| ) | |
| **ATLANTIC MARINE, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This matter is before the Court on the motion of the settling plaintiffs to make final the judgments previously entered in their favor. (Doc. 103). The parties have filed briefs in support of their respective positions, (Docs. 110, 111, 112 Exhibit 1), and the motions are ripe for resolution.[1]

All but seven plaintiffs in these consolidated cases have settled their claims against the defendant. This was accomplished, pursuant to Federal Rule of Civil Procedure 68, through accepted offers of judgment, upon which the Court entered judgment, in pertinent part as follows: "In accordance with the offer of judgment and notice of acceptance thereof filed May 15, 2006, ...[a named plaintiff] shall have and recover from the defendant Atlantic Marine, Inc. the sum of $12,250.00, plus costs and attorneys' fees." (Doc. 74).

Because not all plaintiffs have resolved their claims, the judgments as to the settling plaintiffs are not final. Fed. R. Civ. P. 54(b). The settling plaintiffs request the Court to enter an order pursuant to Rule 54(b) sufficient to render their judgments final. They seek this relief so that they may institute execution pursuant to Rule 69. Execution is required, they explain, because the defendant has tendered payment of less than the full $12,250 expressed in the offers of judgments and judgments thereon.

What the defendant has tendered each settling plaintiff is $12,250, less what it calculates as federal and state income tax withholding and 7.65% representing the plaintiff's share of FICA taxes, based on a treatment of the full $12,250 as taxable wages. (Doc. 110 at 1). The defendant

---

[1]The defendant's motion for permission to file surreply, (Doc. 112), is **granted**.

argues that federal law requires it to consider the entire settlement amount as wages subject to these withholdings.  (*Id.*).

A court can render a judgment final "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."  Fed. R. Civ. P. 54(b).  According to the defendant, "there is a just reason for delay in this case because there is an outstanding dispute between the parties regarding the proper tax treatment of the sums paid pursuant to the accepted offers of judgment."  (Doc. 110 at 4-5).  The defendant requests that the plaintiffs' motion be denied "until such time as the Court has determined the proper tax treatment of the payments made pursuant to the offers of judgment."  (*Id*. at 9).

A federal court has no inherent power to resolve disputes over a settlement agreement simply because it was reached in connection with a lawsuit in the federal forum.  When a case is dismissed pursuant to Rule 41(a), there must be either "some independent basis for federal jurisdiction," or the Court must possess ancillary jurisdiction because "the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal."  *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375, 380-82 (1994).  The latter can be accomplished by "a provision 'retaining jurisdiction' over the settlement agreement or by incorporating the terms of the settlement agreement in the order."  *Id*. at 381.  However, "[t]he judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order."  *Id*.

"[A] Rule 68 judgment necessarily incorporates the terms of the underlying offer" and thus satisfies *Kokkonen*.  *Fafel v. DiPaola*, 399 F.3d 403, 414 (1st Cir. 2003); *accord Aynes v. Space Guard Products, Inc*., 201 F.R.D. 445, 450 (S.D. Ind. 2001).  Moreover, "[a]ncillary jurisdiction may be properly exercised to protect a judgment of a court through enforcement proceedings,"[2] and the defendant's argument challenges the terms of the Court's judgment, which the plaintiffs seek to protect.  The parties do not disagree that the Court has jurisdiction to hear the defendant's contention.

Because an offer of judgment is not subject to negotiation but must be accepted or rejected as is, and because the offeree is exposed to potential financial penalty if he fails to

---

[2]  *Eagerton v. Valuations, Inc*., 698 F.2d 1115, 1119 n.9 (11th Cir. 1983).

accept, "Rule 68 requires that the responsibility for clarity and precision in the offer must reside with the offeror." *Utility Automation 2000, Inc. v. Choctawhatchee Electric Cooperative, Inc.*, 298 F.3d 1238, 1244 (11th Cir. 2002). Thus, "any ambiguity in the terms of an offer must be resolved against its drafter ...." *Id*. When the offer "says nothing one way or the other about" a particular item but "simply offers an amount with costs," the court and the offeree "are left to speculate" about the item. *Id*. The resulting "ambiguity must be construed against" the offeror. *Id*.

In the offers of judgment under consideration, the defendant "hereby offers to allow judgment to be taken against Defendant in this action and in favor of [a named plaintiff], for the sum of Twelve Thousand Two Hundred Fifty Dollars ($12,250.00), plus costs and attorneys' fees reasonably incurred to date, in an amount to be determined by the Court." (Doc. 73). The offer "says nothing one way or the other" about whether income and FICA taxes are to be backed out of this amount before remittance to the plaintiffs. Because, due to this silence, the offer of judgment can reasonably be read as meaning that each plaintiff will receive full the amount of $12,250, it is ambiguous and must be construed favorably to the plaintiffs. *Accord Cates v. Pilot Communications, LLC*, 2001 WL 135845 at *2 (D. Me. 2001)("[W]ithout an explicit designation in the Offer of Judgment, it is not clear that the parties agreed that any portion of the Judgment constituted back pay and the Court will not look beyond the language of the parties' agreement to make such a determination.")

The defendant stresses its position that federal law requires it to treat the entire settlement amount as wages and, thus, to withhold income and FICA taxes on the whole. Assuming for purposes of argument that the defendant's understanding of tax law is correct, it is irrelevant to the interpretation of its offer of judgment. If the defendant wished to preserve the right to remit to each plaintiff some figure below $12,250, it was required to do so expressly in the offer of judgment.[3]

---

[3]The proper tax treatment of the settlement amount, and the initial and ultimate responsibility of the parties to remit any income or FICA taxes to the appropriate authorities, thus remain unresolved. It seems doubtful that the issue could be properly presented to this Court in another guise, because its ancillary jurisdiction can be exercised only "to manage its own proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life*,

With the defendant's sole articulated "just reason for delay" disposed of, the Court easily concludes that there is no just reason for delay in making the judgments final. In making this determination, the Court is required "to balance judicial administrative interests" (designed "to ensure that application of the Rule effectively preserves the historical federal policy against piecemeal appeals") against " relevant equitable concerns" (which "serves to limit Rule 54(b) certification to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay"). *Ebrahimi v. City of Huntsville Board of Education*, 114 F.3d 162, 165-66 (11th Cir. 1997)(internal quotes omitted).

There is no real danger of piecemeal appeals in this case, because the judgments at issue were entered upon the mutual agreement of the parties.[4] While it is plain that the defendant believes itself entitled by tax law to pay the settling plaintiffs less than the amount it offered, it is equally plain that the defendant's failure to articulate such a position in its offer of judgment precludes it from doing so. The defendant has not expressed an intention to appeal and, in light of the offer of judgment and the law governing its construction (which the defendant has proved unable to counter, despite two opportunities), any such appeal would appear so weak as to border on the frivolous.

Even were the defendant to appeal, the issue it would raise will not be presented in any future appeal by the remaining seven plaintiffs, all of whom have rejected offers of judgment.[5] Any future appeal will address rulings on motions, trial proceedings and the like, none of which will have the slightest connection to Rule 68. The defendant has not articulated, and the Court

---

511 U.S. at 379-80. Because, as discussed in text, the judgment entered by the Court — like the offer of judgment on which it was based — does not address matters of taxation, resolution of those issues are not necessary to enforce the judgment or otherwise to manage these proceedings, vindicate the Court's authority, or effectuate its decrees.

[4]*Cf. Comercia Bank-Detroit v. Allen Industries, Inc*., 769 F. Supp. 1408, 1410 (E.D. Mich. 1991)(where the parties "have agreed to the terms of the settlement, and have moved jointly for the entry of this judgment," the Court "cannot perceive any risk that the parties to these settlement agreements will appeal this judgment" under Rule 54(b)).

[5]Were the defendant to make the seven another offer of judgment, it will presumably learn from its experience and express therein whether and to what extent the payment proposed represents taxable wages or other income.

cannot identify, any economy (other than convenience of the defendant) that would be realized by delaying entry of final judgment as to the settling plaintiffs.

The defendant, while expressing no desire to appeal, likewise expresses no commitment to pay the settling plaintiffs the full $12,250 short of a final judgment.  Indeed, it is careful to note that the plaintiffs must obtain a final judgment before pursuing execution under Rule 69. (Doc. 110 at 4).  Without a final judgment, then, the defendant would be empowered to prevent the plaintiffs from obtaining the benefit of their bargain for an extended period, possibly for years.  This seems precisely the sort of "danger ... of injustice" that Rule 54(b) is designed to prevent.  Certainly the defendant has offered no argument to the contrary.

For the reasons set forth above, the settling plaintiffs' motion to finalize judgments is **granted**.  The Court determines that there is no just reason to delay the entry of final judgment, and the Court directs that final judgment be entered.

DONE and ORDERED this 28th day of July, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE