**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **EARL APKINS, SR., et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 05-0456-WS-B** |
| | ) | |
| **ATLANTIC MARINE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

     This matter is before the Court on the defendant's motion for reconsideration.  (Doc. 118).  The parties have filed briefs in support of their respective positions, (Docs. 120, 122, 124), and the motion is ripe for resolution.[1]  After carefully considering the foregoing and other relevant materials in the file, the Court concludes that the motion is due to be denied.

     In the order the defendant wants reconsidered, the Court granted the settling plaintiffs' motion to make final the judgments previously entered in their favor as a result of accepted offers of judgment.  (Doc. 113).  The defendant opposed the motion, arguing there was "just reason for delay" in entering final judgment until and unless the Court made a determination as to whether the judgment amounts represent wages subject to withholding (the interpretation favored by the defendant, since it wants to decrease its payments to the plaintiffs by the amount it has remitted to the taxing authorities) or some other form of compensation not subject to withholding.  The Court ruled that, because the offers were silent as to whether they represented wages or non-wage damages, they were ambiguous in this regard, which ambiguity had to be construed against the defendant under controlling law.  That is, the parties were deemed by operation of law to have agreed that as to each plaintiff the defendant would suffer judgment in the amount of $12,250 representing non-wage damages, i.e., damages that would not be diminished by withholding.  The Court declined to decide whether the judgments represented wages for purposes of tax law, because the parties' agreement to treat them inter se as non-wages guaranteed the plaintiffs that they would receive the full judgment amounts regardless of

---

[1]The plaintiffs' motion for permission to file surreply, (Doc.124), is **granted**.

whether those amounts constituted wages under federal tax law, while placing on the defendant the risk that it would have to remit payroll taxes in addition to paying $12,250 to each plaintiff. (*Id*. at 3).

The grant or denial of a motion to reconsider is left to the discretion of the trial court. *E.g., Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000)(en banc). Such a motion may not be used as a vehicle to inject new arguments into the underlying motion for summary judgment, or to submit evidence previously available but not properly presented on the underlying motion. *E.g., Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997). Instead, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Medical Center, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003); *accord Gougler v. Sirius Products, Inc*., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005).

The defendant acknowledges the limited scope of a motion for reconsideration. (Doc. 118 at 2). It does not argue that there has been an intervening change in controlling law, that new evidence has become available, or that the Court committed clear error. Instead, its exclusive argument is that it will suffer manifest injustice if the Court does not alter its prior decision, either by decreeing that the judgment amounts constitute wages under federal tax law or by decreeing that they constitute non-wages under federal tax law and requiring the plaintiffs to execute assignments of the funds the defendant paid the taxing authorities. (Doc. 118 at 1-2, 7-8; Doc. 122 at 4-5).

The Court sees no injustice, manifest or otherwise, arising from its previous order. As offeror, the defendant was master of the offers of judgment and could easily have expressed in them that the resulting judgments would be deemed wages subject to withholding. The adverse consequences to a defendant failing to do so — the responsibility to pay each plaintiff the entire judgment amount *and* to pay withholding taxes should that amount be deemed wages by the taxing authorities — were discernible in the case law applying Rule 68. That the defendant now regrets the wording of its offers does not establish a manifest injustice that the Court should

correct.[2]

Because there is no manifest injustice in holding the defendant to the consequences of its ambiguous offers of judgment, declaring that the judgment amounts constitute wages within the contemplation of tax law could not correct a manifest injustice. Nor could it change the result in this case if accomplished, since the offers of judgment obligate the defendant to pay each plaintiff the entire $12,250 *and* to remit any withholding taxes should the judgment amounts be deemed wages for tax purposes.

Moreover, the defendant has not shown that the proper attribution of the judgment amounts under federal tax law is governed by the simplistic (and highly defendant-favorable) test it champions. According to the defendant, Revenue Ruling 80-364 requires that, whenever a payment resolves both wage and non-wage claims and no explicit allocation between them is made, for withholding purposes the entire amount must be treated as wages. (Doc. 110 at 5-6; Doc. 118 at 5). In fact, Revenue Ruling 80-364 addresses only the situation in which a claim is brought exclusively for wages and the award is silent as to whether and to what extent interest and/or attorney's fees have also been awarded as an ancillary matter. The defendant has cited, and the Court has located, no case applying this revenue ruling to a situation, like the present one, in which both back pay and non-wage damages (including from racial harassment) are sought and decreeing that an unallocated settlement of such multiple claims automatically constitutes the entire amount wages subject to withholding. On the contrary, the defendant's own authority recognizes that the IRS "will allocate lump sum payments *using the best evidence available*," that "we must look to *various factors*," and that "the characterization of a settlement cannot depend *entirely* on the intent of the parties." *Trotter v. Perdue Farms, Inc.*, 253 F. Supp. 2d 812, 815 (D. Del. 2003) (internal quotes omitted)(emphasis added).[3] The defendant, who has

---

[2]Likewise, because the ambiguous offers of judgment created as a matter of law an agreement both to pay the full amount of the judgments to the plaintiffs and to pay any withholding, the defendant's cry of unjust enrichment, (Doc. 118 at 1, 8; Doc. 122 at 4-5), misses the mark. For the same reason, the Court has not "ordered Atlantic Marine to violate the tax laws." (Doc. 118 at 2).

[3]The defendant itself admits that, "[w]ere the IRS to audit this payment, it is entitled to contact one or both parties to determine their analyses of the relative strengths of the claims that

not even articulated or amplified the intricate analysis its own authorities require, much less attempted to apply it, can scarcely demand that the Court do so on its behalf.

Similarly, the defendant has not shown that it will suffer manifest injustice if the Court does not declare that the judgment amounts constitute non-wages under federal tax law and then require the plaintiffs to execute assignments to the defendant of the amounts it has remitted to the taxing authorities. The defendant simply posits, without explanation or authority, that the Court's failure to do so will pose a "significant impediment" to its efforts to recover its remittances to the taxing authorities. (Doc. 118 at 8; Doc. 122 at 5). This ipse dixit is insufficient to carry the defendant's burden.[4] Nor would the Court be inclined to develop and apply for the defendant's benefit the complex analysis the defendant's authorities require but that the defendant has ignored.

For the reasons set forth above, the defendant's motion for reconsideration is **denied**.

DONE and ORDERED this 3rd day of October, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

have been resolved in this lawsuit. The IRS is entitled to look at all the communications between the parties, including those with respect to tax issues." (Doc. 110 at 8). This statement would appear to flatly contradict the defendant's insistence that Revenue Ruling 80-364 moots all such inquiry by requiring that the judgments in their entirety be deemed wages as a matter of tax law.

[4]*See, e.g., Arthrex, Inc. v. Orthogen Aktiengesellschaft*, 2006 WL 1805882 at *2-3 (M.D. Fla. 2006)(the plaintiffs' assertion on motion to reconsider that the Court's dismissal for improper venue would bar them from bringing their claims in Germany was insufficient to show manifest injustice, since the assertion was based only on the affidavit of a professor who, inter alia, had not reviewed the complaint).